**WEN QING SUN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–0961–ag.

United States Court of Appeals, Second Circuit.

April 24, 2006.

Matthew L. Guadagno, Bretz & Coven, LLP, (Sharman M. Leventon, Jules E. Coven, Kerry W. Bretz, on the brief) New York, New York, for Petitioner.

Paul M. Warner, United States Attorney for the District of Utah, (Jared C. Bennett, Assistant United States Attorney, on the brief) Salt Lake City, Utah, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Wen Qing Sun, through counsel, petitions for review of the BIA decision denying his application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

■ The IJ correctly stated that Sun was inconsistent about where he was living, and with whom he was living, when his first child was born. The IJ also properly stated that Sun's testimony conflicted with his wife's statements about where she worked. Lastly, the IJ reasonably questioned Sun's testimony about why his name was not listed on his second child's birth certificate.

■ Sun asserts that the IJ's credibility finding cannot stand because some of the inconsistencies do not directly relate to his wife's sterilization. This Court cannot accept this argument, however, because the credibility factors directly relate to whether Sun actually had two children with the woman he purports to be his wife. Without this, Sun would not be able to prove eligibility for relief on account of his wife's

sterilization. In addition, Sun has waived any challenge to the denial of his CAT claim for failing to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Sun also contends that the BIA improperly designated his case to be decided without opinion. Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm an IJ's decision without opinion, or streamline the case, when the board member determines that: (1) the result reached in the decision was correct or that any errors in the decision were immaterial and harmless; and (2) either (a) the issues on appeal are "squarely controlled" by existing precedent or do not involve the application of precedent to a novel set of facts; or (b) the issues raised on appeal "are not so substantial that the case warrants the issue of a written opinion." 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B). We need not, and do not, decide here whether we have jurisdiction to review Sun's challenge to the BIA's decision to streamline review of his petition because even assuming we have jurisdiction, the BIA did not violate its regulations in this case. The IJ's decision did not contain any material errors, and the issues on appeal to the BIA were squarely controlled by existing precedent and did not involve a novel set of facts.

Accordingly, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).